Case 4:16-cv-00683   Document 26   Filed in TXSD on 11/03/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRELL EDISON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-683 |
| § | |
| AVALON CORRECTIONAL SERVICES, § | |
| INC.; dba AUSTIN TRANSITIONAL § | |
| CENTER, *et al*, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

Pending before the Court in the above-referenced 42 U.S.C. § 1983 case, is Defendant Jenkins' and Defendant Morales' Motion to Dismiss (Doc. 24). Upon review of the motion, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' motion should be granted.

### I. BACKGROUND

This lawsuit arises out of a Section 1983 claim by a parolee against employees of the Texas Department of Criminal Justice ("TDCJ") and Avalon Correctional Services ("Avalon"). (Doc. 24 at 1.) Two of the Defendants are John or Jane Doe 1, the Director of the TDCJ, and John or Jane Doe 2, the Region IV Director of the TDCJ. (Doc. 20 at ¶¶ 5-6.). Defendant Jenkins was the Director of TDCJ-PD at all times relevant to Edison's claims, and Defendant Morales was and continues to be the Region IV Director of TDCJ-PD. (Doc. 24 at 2).

Plaintiff alleges that, on or about September 11, 2008, he brought a civil action claim against a parole officer for the TDCJ, Kohn. (Doc. 20 at ¶ 24.) This action resulted in a settlement in 2009. *Id.* Plaintiff alleges that due to the lawsuit against Kohn, Defendants in the

case at hand worked together to "exact revenge." *Id.* at ¶ 25. Plaintiff alleges that Defendants have harassed him, violated laws, violated his federally and state protected rights, and did so with the intent to make his life difficult or to force him to violate parole and return to incarceration. *Id*. After one such incident, Plaintiff alleges that he was incarcerated for 53 days, and, after his release, "was transferred, against his will, with no justification or substantiation of any wrongdoing or violations on [his part], to Houston." *Id*. at ¶¶ 33-34. He was also allegedly "informed that he was not allowed back in Travis County." *Id*. at ¶ 34. Although Plaintiff alleges several instances of wrongdoing, Plaintiff does not mention Jenkins or Morales (by name or title) at any point in the Second Amended Complaint, other than listing them as Defendants. Plaintiff claims that all Defendants violated 42 U.S.C. § 1983 and asks for several forms of relief, including damages, injunctive relief, and declaratory judgment. *Id*. at ¶¶ 37, 45, 49-53.

Defendants Jenkins and Morales now move for a motion to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6). The motion is sought on the grounds that Plaintiff is suing them in their official capacity for monetary damages, which is barred by the Eleventh Amendment. (Doc. 24 at 4.) Jenkins and Morales also seek dismissal on the grounds that Plaintiff's pleadings fail to demonstrate his entitlement to injunctive or declaratory relief, arguing that Plaintiff lacks standing and does not state a claim for relief under Rule 12(b)(6). *Id.* at 4-5.

**STANDARD OF REVIEW**

The arguments regarding the Eleventh Amendment bar and the issues of standing are both jurisdictional attacks under Rule 12(b)(1). *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Hollis v. Lynch*, 121 F. Supp. 3d 617, 626 (N.D. Tex. 2015), *aff'd*, No. 15-10803, 2016 WL 3568063 (5th Cir. June 30, 2016). "When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the

Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.'" *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 620 (S.D. Tex. 2014) (citations omitted). If a complaint could be dismissed under Rule 12(b)(1) and 12(b)(6), the court should dismiss only on the jurisdictional ground under Rule 12(b)(1), and avoid reaching the question of whether or not there was a failure to state a claim. *Id.* (citations omitted). Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject-matter jurisdiction. Fed R. Civ. P. 12(b)(1). The party asserting that subject-matter jurisdiction exists, here the plaintiff, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citation omitted); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). In reviewing a motion under 12(b)(1) the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, *i.e.*, the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, *i.e.*, the facts in the complaint supporting subject-matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC, Bankr*. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, at *3 (E.D. Tex. Jan. 6, 2011) (citing *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), aff'd, 199 F.3d 279 (5th Cir. 2000)). A facial attack, such as the one at hand, occurs when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In these attacks, allegations in the complaint are simply taken as true. *Blue Water*, 2011 WL 52525, at *3 (citing *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

## II. Discussion

### A. Monetary Damages

Jenkins and Morales argue that all claims for monetary damages asserted against them are barred by the Eleventh Amendment because they were sued in their official capacity. (Doc. 20 at ¶¶ 5-6; Doc. 24 at 4.) Section 1983 provides a federal forum in which the deprivation of a civil liberty can be remedied; however, Section 1983 does not provide a federal forum for deprivation of civil liberties when seeking a remedy against a State. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars Section 1983 claims against a State unless immunity has been waived or Congress overrides the immunity under Section Five of the Fourteenth Amendment. *Id.* (citing *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472–43 (1987) (plurality opinion)). Although a suit against a state official is a suit against a person, when that person is sued in his official capacity it will be considered a suit against the official's office. *Id.* at 71 (citations omitted). Plaintiff has brought suit against Jenkins and Morales in their official capacity and has therefore effectively brought suit against a State. The State has not waived immunity, nor has Congress chosen to override such immunity for Section 1983 claims against a State. Therefore, Plaintiff's claim for monetary damages against Jenkins and Morales, in their official capacity, is barred by the Eleventh Amendment, and this Court does not have subject-matter jurisdiction over it. *Voisin's Oyster House*, 799 F.2d at 188.

### B. Injunctive Relief

Jenkins and Morales argue that Plaintiff's claim for injunctive relief must fail because he fails to sufficiently plead prospective injunctive relief, arguing that even though Plaintiff

mentions injunctive relief, he fails to request any specific relief. (Doc. 24 at 6).[1] Although Plaintiff is barred by the Eleventh Amendment from seeking monetary relief against Jenkins and Morales in their official capacity, an exception to the Eleventh Amendment permits federal courts to "grant[] prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex Parte Young*, 209 U.S. 123, 155–56, 159 (1908)). However, Plaintiff simply requests "injunctive relief" without any details whatsoever.

Most important is Plaintiff's failure to describe potential for injury *in the future,* which is necessary for Plaintiff to have standing. "To demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *De Luna v. Hidalgo Cty., Tex.*, 853 F. Supp. 2d 623, 637 (S.D. Tex. 2012). As described above, Plaintiff does not explain what injunctive relief he is actually seeking; therefore it is entirely unclear what future harm he is trying to prevent. In the section of the Second Amended Complaint entitled "Irreparable Injury," Plaintiff does not explain injuries that will occur in the future, but only describes past harms. (Doc. 20 at ¶¶ 42-45). Plaintiff's general statement that "Defendants are presently acting to Plaintiffs' [*sic*] detriment" does not explain how Jenkins and Morales are doing so, or what *future* harm Plaintiff seeks to prevent. *Id*. at ¶ 46. Therefore the Court finds that Plaintiff does not have standing to request injunctive relief against Jenkins and Morales. Without standing this Court does not have subject matter jurisdiction over Plaintiff's claim; therefore Plaintiff's claim for injunctive relief will be dismissed. *Hollis*, 121 F. Supp. 3d at 626.

### C. Declaratory Relief

---

[1] Defendants do not specifically mention standing in their argument (which appears to be based on Rule 12(b)(6)), but the Court may bring up the issue *sua sponte*. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).

In his claim for declaratory relief, Plaintiff appears to ask (1) that the Court "declare[] that Defendant's actions in transferring him to Harris County has [*sic*] no support under any law of the Federal government or State of Texas," and (2) that the Court declare "the actions and conduct of all the defendants were in violation of 42 U.S.C. § 1983, as well as First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution." (Doc. 20 at ¶¶ 45, 49).

Jenkins and Morales argue Plaintiff's claim for declaratory judgment fails because he does not have the required injury-in-fact needed to receive declaratory relief, and also argue that Plaintiff has failed to allege any specific conduct that violated his rights. (Doc. 24 at 5). The Court must first address the jurisdictional argument regarding standing. *Jackson*, 997 F. Supp. 2d at 620. As explained above, when seeking declaratory relief a plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *De Luna*, 853 F. Supp. 2d at 637. Plaintiff alleges no such facts in his Second Amended Complaint, and therefore lacks standing to request declaratory relief. *See Copeland v. Livingston*, 464 F. App'x 326, 331 (5th Cir. 2012) ("A declaration that [the prisoner plaintiff] should not have been punished in this way would not remedy any alleged injury."). Therefore the Court will dismiss Plaintiff's claims for declaratory judgment, due to lack of subject matter jurisdiction. *Hollis*, 121 F. Supp. 3d at 626.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Dismiss (Doc. 24) is GRANTED. All of Plaintiff's claims against Jenkins and Morales are DISMISSED due to lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this 3rd day of November, 2016.

                                        MELINDA HARMON
                           UNITED STATES DISTRICT JUDGE